# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>HEIDI GRIFFITH,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 10CV2614-LAB (BGS)<br><br>**ORDER RE: REQUEST FOR ENTRY OF DEFAULT** |

Plaintiff Stephen Donell has requested the Clerk to enter a default against the Defendant Heidi Griffith for failing to respond or appear. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Donell claims that Griffith was served with process as provided by Cal. Civ. Proc. Code § 415.40. *See* Fed. R. Civ. P. 4(e) (permitting service as provided under state law). Plaintiff further states that service was made by certified mail, which is permitted under § 415.40. *Pathak v. Omaha Steaks Int'l, Inc.* 2011 WL 1152656 at *1 (C.D.Cal., March 28, 2011); *Standard Microsystems Corp. v. Winbond Electronics Corp.*, 179 Cal.App.4th 868, 897 (2009). Under § 415.40, however, proof of service must include "evidence satisfactory

1 | to the court establishing actual delivery to the person to be served, by a signed return receipt
2 | or other evidence."  Donell has not provided a signed return receipt or any other evidence
3 | to establish proof of service, but has merely provided the Court with a copy of the summons,
4 | and a statement that it and the complaint were sent by certified mail to Griffith.
5 |     Because Donell has failed to provide adequate proof of service, the Clerk is directed
6 | not to enter a default at this time.
7 |     **IT IS SO ORDERED**.
8 | DATED:  June 24, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge